UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

| | | |
|---|---|---|
| STANLEY BERNARD, | ) | CASE NO: |
| Plaintiff, | ) | |
| vs. | ) | |
| MIAMI BRIDGE YOUTH AND FAMILY SERVICES, INC. | ) | |
| Defendant. | ) | |

# **COMPLAINT**

Plaintiff Stanley Bernard ("Plaintiff") brings this civil action against Miami Bridge Youth and Family Services Agency ("Defendant") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), the Age Discrimination in Employment Act of 1967 (hereinafter "ADEA"), and The Florida Civil Rights Act, §760.01 *et. seq.* (hereinafter "FCRA"), for Defendant's wrongful discrimination and retaliation in violation of said Acts as follows:

## **Jurisdiction and Venue**

1. This action arises under 42 U.S.C. § 2000e-3(a). This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1343. This Court has supplemental jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this judicial district because the Plaintiff's claim arose in the Southern District of Florida.

3. At all times material to this action, the Defendant was an employer within the meaning of Title VII, the ADEA and FCRA doing business in Miami-Dade County, Florida.

1

4. Plaintiff has complied with any and all conditions precedent to the filing of this lawsuit, including the timely filing of a charge of discrimination under Title VII with the Equal Employment Opportunity Commission ("EEOC") and/or the Florida Commission on Human Relations.

5. On July 28, 2020, Plaintiff filed his charge of discrimination alleging discrimination based on age and national origin, and for retaliation for complaining about the national origin discrimination.

6. On March 17, 2021, the EEOC issued a Right to Sue letter. This lawsuit is timely filed within ninety (90) days of the Plaintiff's receipt of the Notice of Right to Sue letter from the EEOC.

**General Allegations**

7. At all times material hereto Plaintiff was and is a forty seven (47) year old Black man of Haitian origin.

8. From July 29, 2019 until March 17, 2020, Plaintiff was employed by Defendant as a Recreation Program Coordinator.

9. At all times material Dorcas Wilcox was the Executive Director and/or Chief Executive Officer of Defendant.

10. At all times material to this action Plaintiff satisfactorily performed the duties and obligations of his position with Defendant and was otherwise qualified to do the job.

11. During his employment with Defendant, Plaintiff was subjected to derogatory comments from Wilcox based upon his national origin and was treated differently from other similarly situated employees and reprimanded for issues and violations he did not commit.

12. Plaintiff complained on multiple occasions to Martha Martinez, the head of Defendant's Human Resources Department, of harassment and disparate treatment by Wilcox. Notwithstanding his complaints, the harassment and the disparate treatment did not cease.

13. Plaintiff demands trial by jury of all issues so triable in this case.

14. Plaintiff has been required to retain the undersigned attorneys to represent him in this action and is obligated to pay his attorneys a reasonable fee. Attorney's fees are recoverable by a prevailing Plaintiff under Title VII, the ADEA and the FCRA.

## COUNT I
## CLAIM FOR NATIONAL ORIGIN DISCRIMINATION PURSUANT TO TITLE VII

15. Plaintiff realleges and reaffirms paragraphs 1 through 14 of this complaint as if fully set out herein.

16. Plaintiff suffered discrimination based upon his national origin when he was harassed and disparately treated from other similarly situated coworkers by Director Wilcox.

17. The harassment and disparate treatment materially affected Plaintiff's ability to perform his job and ultimately led to his termination from employment.

18. As a direct result of the national origin discrimination, Plaintiff has suffered lost wages and/or income, lost fringe benefits, economic damages, suffered mental and emotional pain and suffering, embarrassment and humiliation, loss of enjoyment of life, and such losses are continuing into the future.

19. The aforementioned acts of Defendant were intentional and malicious and were carried out in reckless disregard for Plaintiff's rights under Title VII.

WHEREFORE, Plaintiff demands:

    A. Judgment for damages against the Defendant;

    B. Judgment for punitive damages against the Defendant;

    C.    A Reasonable Attorney's Fee;

    D.    The Costs of this Action;

    E.    Trial by jury of all issues so triable;

    F.    Such other and further relief that this Court deems proper.

## COUNT II
## CLAIM FOR NATIONAL ORIGIN DISCRIMINATION PURSUANT TO FCRA

20. Plaintiff realleges and reaffirms paragraphs 1 through 14 of this complaint as if fully set out herein.

21. Plaintiff suffered discrimination based upon his national origin when he was harassed and disparately treated from other similarly situated coworkers by Director Wilcox.

22. The harassment and disparate treatment materially affected Plaintiff's ability to perform his job and ultimately led to his termination from employment.

23. As a direct result of the national origin discrimination, Plaintiff has suffered lost wages and/or income, lost fringe benefits, economic damages, suffered mental and emotional pain and suffering, embarrassment and humiliation, loss of enjoyment of life, and such losses are continuing into the future.

24. The aforementioned acts of Defendant were intentional and malicious and were carried out in reckless disregard for Plaintiff's rights under the FCRA.

WHEREFORE, Plaintiff demands:

    A. Judgment for damages against the Defendant;

    B. Judgment for punitive damages against the Defendant;

    C. A Reasonable Attorney's Fee;

    D. The Costs of this Action;

    E. Trial by jury of all issues so triable;

F.  Such other and further relief that this Court deems proper.

## COUNT III
## CLAIM FOR RETALIATION PURSUANT TO TITLE VII

25. Plaintiff realleges and reaffirms paragraphs 1 through 14 of this complaint as if fully set out herein.

26. It is unlawful for an employer to retaliate against an employee for opposing any practice made an unlawful employment practice under Title VII.

27. After Plaintiff complained of the discrimination, he was terminated by Defendant allegedly because his position had been eliminated as part of a "reduction in force" due to budgetary reasons.

28. The reasons given for Plaintiff's termination were pretextual as additional individuals were hired immediately after Plaintiff's termination.

29. The termination of Plaintiff by Defendant was done in retaliation for Plaintiff's exercise of his protected rights to complain to the Defendant with regard to the discriminatory practices of Defendant.

29. As a direct result of the actions of the Defendant, Plaintiff has suffered lost wages and/or income, lost fringe benefits, economic damages, suffered mental and emotional pain and suffering, embarrassment and humiliation, loss of enjoyment of life, and such losses are continuing into the future.

30. The aforementioned acts of Defendant were intentional and malicious and were carried out in reckless disregard of Plaintiff's rights under Title VII.

WHEREFORE, Plaintiff demands:

A.  Judgment for damages against the Defendant;

B.  Judgment for punitive damages against the Defendant;

  C. A Reasonable Attorney's Fee;

  D. The Costs of this Action;

  E. Trial by jury of all issues so triable;

  F. Such other and further relief that this Court deems proper.

## COUNT IV
## CLAIM FOR RETALIATION PURSUANT TO FCRA

31. Plaintiff realleges and reaffirms paragraphs 1 through 14 of this complaint as if fully set out herein.

32. It is unlawful for an employer to retaliate against an employee for opposing any practice made an unlawful employment practice under FCRA.

33. After Plaintiff complained of the discrimination, he was terminated by Defendant allegedly because his position had been eliminated as part of a "reduction in force" due to budgetary reasons.

34. The reasons given for Plaintiff's termination was pretextual as additional individuals were hired immediately after Plaintiff's termination.

35. The termination of Plaintiff by Defendant were done in retaliation for Plaintiff's exercise of his protected rights to complain to the Defendant with regard to the discriminatory practices of Defendant.

36. The reasons given for Plaintiff's termination were pretextual as additional individuals were hired immediately after Plaintiff's termination.

37. As a direct result of the actions of the Defendant, Plaintiff has suffered lost wages and/or income, lost fringe benefits, economic damages, suffered mental and emotional pain and suffering, embarrassment and humiliation, loss of enjoyment of life, and such losses are continuing into the future.

38. The aforementioned acts of Defendant were intentional and malicious and were carried out in reckless disregard of Plaintiff's rights under Title VII.

WHEREFORE, Plaintiff demands:

    A. Judgment for damages against the Defendant;

    B. Judgment for punitive damages against the Defendant;

    C. A Reasonable Attorney's Fee;

    D. The Costs of this Action;

    E. Trial by jury of all issues so triable;

    F. Such other and further relief that this Court deems proper.

## COUNT V
## CLAIM FOR AGE DISCRIMINATION PURSUANT TO ADEA

39. Plaintiff realleges and reaffirms paragraphs 1 through 14 of this complaint as if fully set out herein.

40. Plaintiff was terminated by Defendant from employment. Plaintiff was told by Defendant that his position had been eliminated as part of a "reduction in force" due to budgetary reasons.

41. The reasons given for Plaintiff's termination were pretextual as additional individuals were hired immediately after Plaintiff's termination. Defendant hired two (2) individuals for Plaintiff's job position. Upon information and belief, at least one (1) of these hires was a under the age of forty (40) who had less qualifications and experience than Plaintiff.

42. As a direct result of the Defendant, Plaintiff has suffered lost wages and/or income, lost fringe benefits, economic damages, suffered mental and emotional pain and suffering,

embarrassment and humiliation, loss of enjoyment of life, and such losses are continuing into the future.

43. The aforementioned acts of Defendant were intentional and malicious and were carried out in reckless disregard for Plaintiff's rights under the ADEA.

WHEREFORE, Plaintiff demands:

A. Judgment for damages against the Defendant;

B. Judgment for punitive damages against the Defendant;

C. A Reasonable Attorney's Fee;

D. The Costs of this Action;

E. Trial by jury of all issues so triable;

F. Such other and further relief that this Court deems proper.

## COUNT VI
## CLAIM FOR AGE DISCRIMINATION PURSUANT TO FCRA

44. Plaintiff realleges and reaffirms paragraphs 1 through 14 of this complaint as if fully set out herein.

45. Plaintiff was terminated by Defendant from employment. Plaintiff was told by Defendant that his position had been eliminated as part of a "reduction in force" due to budgetary reasons.

46. The reasons given for Plaintiff's termination were pretextual as additional individuals were hired immediately after Plaintiff's termination. Defendant hired two (2) individuals for Plaintiff's job position. Upon information and belief, at least one (1) of these hires was a under the age of forty (40) who had less qualifications and experience than Plaintiff.

47. As a direct result of the Defendant, Plaintiff has suffered lost wages and/or income, lost fringe benefits, economic damages, suffered mental and emotional pain and suffering, embarrassment and humiliation, loss of enjoyment of life, and such losses are continuing into the future.

48. The aforementioned acts of Defendant were intentional and malicious and were carried out in reckless disregard for Plaintiff's rights under the FCRA.

WHEREFORE, Plaintiff demands:

    A. Judgment for damages against the Defendant;

    B. Judgment for punitive damages against the Defendant;

    C. A Reasonable Attorney's Fee;

    D. The Costs of this Action;

    E. Trial by jury of all issues so triable;

    F. Such other and further relief that this Court deems proper.

JAY M. LEVY, ESQUIRE  
JAY M. LEVY, P.A.  
9100 South Dadeland Boulevard  
Suite 1600  
Telephone: (305) 670-8100  
Facsimile: (305) 670-4827  

BY:   Jay M. Levy  
       JAY M. LEVY, ESQUIRE  
       Florida Bar No. 219754